# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARTINEZ RUDOLFO DELACRUZ,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-07-CV-019-LY |
| | § | |
| **NATHANIEL QUARTERMAN,**[1] | § | |
| Director, Texas Dept. of | § | |
| **Criminal Justice-Correctional Institutions** | § | |
| **Division,** | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

## I. STATEMENT OF THE CASE

### A.  Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 22nd Judicial District Court of Hays County, Texas. Petitioner asserts on February 3, 2005,

---

[1] Although Petitioner named Doug Dretke as Respondent, Nathaniel Quarterman, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

he pleaded guilty to and was convicted of unauthorized use of a motor vehicle. As a result, he was sentenced to 20 years in prison. Petitioner admits he did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. According to Petitioner, he filed the application on January 29, 2006. The Texas Court of Criminal Appeals denied the application on August 9, 2006. Ex parte Martinez, Appl. No. 10,446-02.

**B.     Petitioner's Grounds for Relief**

Petitioner argues his guilty plea was involuntary, he was denied effective assistance of counsel, and the state courts erred in processing his state application for habeas corpus relief.

## II.   DISCUSSION AND ANALYSIS

**A.     Challenge to State Habeas Corpus Proceedings**

To the extent Petitioner complains the Texas Court of Criminal Appeals and the state trial court did not adequately consider his claims during state habeas review, his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

**B.     Statute of Limitations**

Petitioner's remaining claims are time-barred. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[2] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on March 5, 2005, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). At the time Petitioner filed his state application for habeas corpus relief on January 29, 2006, only 35 days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied Petitioner's state application on August 9, 2006. Therefore, Petitioner had until September 13, 2006, to timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until December 20, 2006.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus, to the extent it

challenges his conviction, be dismissed as time-barred. It is further recommended that Petitioner's application, to the extent it challenges the state habeas corpus proceedings, be denied.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of January, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE